IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

STUART DANIEL JUAREZ,       )
                              )   NO. 4:09-cv-00129-JAJ-RAW
      Plaintiff,      )
                              )
  vs.                  )   REPORT AND RECOMMENDATION
                              )   ON PLAINTIFF'S "MOTION TO
MANN BRACKEN, LLC,        )   ADMIT AND FOR SUMMARY
                              )   JUDGMENT" TREATED AS A
                              )   MOTION FOR ENTRY OF
      Defendant.      )   DEFAULT JUDGMENT

This matter is before the Court for report and recommendation on plaintiff's motion to admit and for summary judgment [77]. By order entered May 10, 2010, Judge Jarvey referred the motion to the undersigned for Report and Recommendation. 28 U.S.C. § 636(b)(1)(B).

**I.**

Mr. Juarez's original *pro se* Complaint was in nine counts (two identified as Count Seven) and alleged, among other things, violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, the Iowa Consumer Credit Code, Iowa Code ch. 537, and a common law cause of action for "credit libel," all arising from a dispute over charges on three credit cards with Chase Bank USA, N.A ("Chase"). In addition to Chase, Mr. Juarez sued law firm Mann Bracken, LLC ("Mann Bracken") and one of its attorneys, Clayton Moseley.

Mann Bracken was engaged in collections work for Chase. Clayton Moseley, an attorney with the firm, handled Mann Bracken's dealings with Mr. Juarez. Mann Bracken and Moseley filed a partial motion to dismiss and to strike [43]. Their motion was granted and by Order entered September 23, 2009 [59] all claims against Mann Bracken and Moseley were dismissed except Count Five which alleged violations of the FDCPA. By order entered August 24, 2010 [92] defendant Moseley's motion for summary judgment was granted, leaving only the FDCPA claim against Mann Bracken.[1] With respect to his FDCPA claim, Mr. Juarez's Complaint seeks actual and statutory damages, costs and attorney fees pursuant to 15 U.S.C. § 1692k.

Mann Bracken fell into financial difficulty. Counsel representing Mann Bracken was granted leave to withdraw on February 2, 2010 [69] after counsel was told by Mann Bracken that it would no longer pay him and Mann Bracken would no longer defend the lawsuit. Mr. Juarez filed a motion to compel [74] with respect to unanswered discovery on March 24, 2010. Mann Bracken did not respond. On April 15, 2010 the Court granted the motion to compel [75], issued an order compelling discovery and also directed Mann Bracken to comply with a prior order [69] requiring it to advise the Court how it intended to proceed with representation. Nothing was forthcoming from Mann Bracken. Mr. Juarez then filed the

---

[1] Chase was dismissed in a July 30, 2009 Ruling [45] on Chase's motion to dismiss.

present motion to admit and for summary judgment [77]. By Order entered May 19, 2010 [81] the Court elected to treat plaintiff's motion as one for entry of default judgment as a sanction for defendant Mann Bracken's failure to comply with the previous order compelling discovery and to report concerning representation. Mann Bracken was advised failure to respond might result in a default judgment. Mann Bracken, now in receivership, by its Receiver responded [83] notifying the Court of the receivership, that the receivership estate was insolvent, and encouraging Mr. Juarez as a claimant to file a claim in the receivership proceeding. Alternatively, the Receiver suggested the Court could enter default judgment in an appropriate amount so the judgment could be filed as a claim.

Mann Bracken is in default for failing to obey a pretrial order and failing to comply with an order compelling discovery. Fed. R. Civ. P. 16(f)(1)(C), 37(b)(2)(A)(vi). Evidentiary hearing to prove up a default judgment was held July 20, 2010. Mr. Juarez appeared *pro se*, presented evidence and testified. The matter is fully submitted.

## II.

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true . . . ." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir.), *cert. denied*, ___ S. Ct. ___, 2010 WL 2679324 (2010); *see Stephenson v. El-Batrawi*, 524 F.3d 907, 915-16 (8th Cir. 2008); *American Red Cross v. Community Blood Center of the Ozarks*, 257 F.3d 859, 864 (8th Cir. 2001); *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001); *Quirindongo Pacheco v. Morales*, 953 F.2d 15, 16 (1st Cir. 1992); *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988). The Court must determine if the unchallenged facts "constitute a legitimate cause of action." *Murray*, 595 F.3d at 871 (quoting 10A C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure: Civil* § 2688 at 631 (3d ed. 1998)). Entry of default judgment is vested in the sound discretion of the court. *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 686-87 (8th Cir. 1995)**;** *United States ex rel. Time Equipment Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 129 (8th Cir. 1993); *FTC v. Packers Brand Meats, Inc.*, 562 F.2d 9, 20 (8th Cir. 1977). Mr. Juarez has the burden of proof on the amount of damages. *American Red Cross*, 257 F.3d at 864. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

4

### III.

Mr. Juarez held three separate credit card accounts with Chase Bank. In late December 2007/early 2008 he went to Mexico on a trip with his wife to celebrate their wedding anniversary, spending five days at a resort in Puerto Vallarta. The resort package was paid for in advance. He used the credit cards for activities and meals outside the resort. He estimates the charges for outside meals, a boat trip, a sunset dinner trip, a jungle/zip-line tour and some gift purchases totaled in the area of $3,000 in U.S. currency. When he received his credit card statements, Mr. Juarez discovered the statements on the three cards reflected Mexican trip expenditures totaling nearly $27,000.

Mr. Juarez determined the charges, originally in Mexican pesos, had not been converted to U.S. dollars resulting in a substantial overcharge.[2] The record is not clear as to the amount of the overcharge. Mr. Juarez also testified the disputed amounts on each credit card were about $10,000, $7,500 and $1,500 respectively. No account statements are in the hearing record evidence.

Mr. Juarez testified he sent written notice to Chase regarding the billing errors and disputing the amount. Mr. Juarez demanded validation of the charges, which Chase has never produced.

---

[2] According to Mr. Juarez the exchange rate at the time of his trip was about 12.5 pesos to the dollar.

Chase settled the smallest account, but demanded
arbitration on the two larger accounts. Mann Bracken represented
Chase in one of the arbitrations, and in Chase's efforts to attempt
to collect on the account involved in that proceeding. (Ex. 2).
Another law firm represented Chase in connection with the second
arbitration. (Exs. 3, 4).

At Chase's request the two arbitration proceedings were
dismissed without prejudice in September and October 2009. (Exs. 2
and 3). Mr. Juarez believes that at some point the account Mann
Bracken had been handling, the largest at about $10,000, was
transferred by Chase to Mann Bracken. (*See* Ex. 1).

A current credit report for Mr. Juarez is in the record
(Ex. 1). It shows that two of the accounts (one of them the subject
of Chase's dismissed counterclaim) have been closed with the
notation that they were previously in dispute but now resolved. The
third also notes the dispute was resolved, but the report also
contains a "Creditor Statement" that the account had been
"purchased by another lender."

While all this was going Mr. Juarez had applied to two
different companies to refinance his home mortgage. Both
applications were denied because the credit bureau records showed
the accounts as open and/or pending.

At the default hearing Mr. Juarez did not testify about
conduct by Mann Bracken which he contends violated the FDCPA. In

6

his Complaint Mr. Juarez alleged that Chase, Mann Bracken, and its attorney former defendant Clayton Moseley, violated the statute by:

- Harassing him by telephone by "making multiple and excessive telephone calls" for the sole purpose of harassment and "continually and repeatedly" contacting him in order to harass and intimidate him;

- In the harassing telephone calls, making "abusive, oppressive . . . and intimidating statements to the point of badgering."

- Failing to provide information about the amount of the debt claimed;

- Misrepresenting facts and failing to respond to legitimate questions put by Mr. Juarez;

- Threatening to obtain a judgment and place liens on Mr. Juarez's residence.

(Complaint [1] at 10-11). These allegations are also laid out in the Court's Order granting Mr. Moseley's motion for summary judgment (Order [92] at 2).

As noted by the Receiver (Ex. 6), Mann Bracken is currently insolvent. Mr. Juarez has filed a timely claim in that proceeding (*id.* at 9); however, he believes the chances of collecting on his claim are slim and that a monetary judgment would accomplish little. At hearing he asked that instead of monetary damages, the Court find and order that the charges on the credit card accounts at issue are not valid so he can provide the ruling to potential lenders and credit reporting agencies in an effort to improve his ability to obtain home mortgage refinancing. In effect

he asks for a declaratory judgment extinguishing the disputed credit card debt.

## IV.

The Court is not without sympathy for Mr. Juarez's situation as described by him. Taking his testimony as true, an egregious billing error was made. It should have been capable of ready verification and correction. Instead, he was ignored, subjected to collection efforts, and ultimately arbitration proceedings abandoned by Chase. The disputed charges showed up on his credit history affecting his creditworthiness. However, the Court cannot for a number of reasons do what he now requests -- enter a declaratory judgment extinguishing his credit card debt.

First, Mr. Juarez did not ask for equitable relief of this kind in his Complaint. He sought only actual and statutory damages. (Complaint [1] at 11-12, 15). A default judgment may not differ in kind from what is demanded in the complaint. Fed. R. Civ. P. 54(c). Second, the only remaining party is Mann Bracken. It is unclear what entity currently owns the debt if it has not, as the credit report indicates, been resolved. The Court cannot cancel a credit card debt which might be owed to another. Third, and most importantly, the relief available under the FDCPA is limited to actual and statutory damages. 15 U.S.C. § 1692k(a)(1), (2)(A). Declaratory relief, like an injunction, is a form of equitable relief. Most courts have held equitable relief is unavailable in a

private FDCPA action like Mr. Juarez's. *See Weiss v. Regal Collections*, 385 F.3d 337, 341 (3d Cir. 2004); *Sibley v. Fulton DeKalb Collection Service*, 677 F.2d 830, 834 (11th Cir. 1982); *Vitullo v. Mancini*, 684 F. Supp. 2d 760, 766 (E.D. Va. 2010); *Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 562 (D. Minn. 2003). Particularly would this be the case with declaratory relief which seeks to cancel or extinguish a debt. The FDCPA prohibits "harassing, misleading and fraudulent, and unfair debt collection practices," but it does not implicitly or explicitly give debtors a right to cancel or extinguish their debts. *Vitullo*, 684 F. Supp. 2d at 764-65.

Despite his stated lack of interest in pursuing a damage award against Mann Bracken, the Court has considered whether actual or statutory default damages are appropriate on this record. The Court is reluctant to leave Mr. Juarez without a default monetary judgment to which he may be entitled. At the time of the default hearing he probably did not appreciate he was asking for a type of judgment the Court could not give him.

Considering Mr. Juarez's Complaint with some liberality in view of his *pro se* status, the facts alleged taken as true are sufficient to establish that Mann Bracken acted as a debt collector, at least with respect to the largest credit card debt in connection with which it represented Chase. *See Heintz v. Jenkins*, 514 U.S. 291, 299 (1995). The FDCPA violations alleged in the

Complaint tend to be conclusory and do not distinguish between Chase and Mann Bracken but, again viewing the Complaint with appropriate latitude, if taken as true the allegations make out one or more violations of 15 U.S.C. §§ 1692d (harassment or abuse), 1692e (false or misleading representations), and 1692g (validation of debts). Because he sought declaratory relief rather than actual damages, the amount of actual damages have not been established though, taking his Complaint as true, he was damaged in some amount. As to statutory damages, capped at $1000, it is fair to view the Complaint as alleging frequent and persistent noncompliance with FDCPA requirements, and in view of the nature of Mr. Juarez's dispute about the charges which should have been capable of ready determination, that the failures were to a degree intentional. Given the history described in the Complaint and at the default hearing, it is appropriate to allow statutory damages in the amount of $1000. 15 U.S.C. § 1692k(a)(2)(B), (b)(1).[3]

This disposition will not be inconsistent with the Court's Order granting the motion for summary judgment of Mann Bracken's attorney, Mr. Moseley. In response to Mr. Moseley's well-supported motion, Mr. Juarez came forward with "no evidence demonstrating the existence of a genuine issue of material fact on

---

[3] The Complaint also requests an award of reasonable attorney fees, however, as a *pro se* party Mr. Juarez is not entitled to recover attorney fees. *White v. Armontrout*, 29 F.3d 357, 361 (8th Cir. 1994); *Burns v. Bank of America*, 655 F. Supp. 2d 240, 253 (S.D.N.Y. 2008).

his FDCPA claim against Moseley." (Order [92] at 5). Here Mann

Bracken's Receiver has elected not to defend, all but conceded

default, and invited a default judgment. Unlike in the summary

judgment proceedings, on default Mr. Juarez is entitled to have the

allegations of his Complaint taken as true.

I **RESPECTFULLY RECOMMEND** that default judgment be entered

against Mann Bracken as follows:

> IT IS ORDERED, ADJUDGED AND DECREED
> that default judgment is entered in
> favor of plaintiff Stuart Daniel
> Juarez and against defendant Mann
> Bracken, LLC for $1 in nominal
> actual damages and $1000 in
> statutory damages.

With the entry of the above recommended judgment all

claims and causes of action in this case will now have been

determined and the Clerk should be directed to close this file.

IT IS ORDERED that the parties have until **November 23,**

**2010** to file written objections to the Report and Recommendation,

pursuant to 28 U.S.C. § 636(b)(1). Thompson v. Nix, 897 F.2d 356,

357 (8th Cir. 1990); Wade for Robinson v. Callahan, 976 F. Supp.

1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the

specific portions of the Report and Recommendation and relevant

portions of the record to which the objections are made and must

set forth the basis for such objections. See Fed. R. Civ. P. 72;

Thompson, 897 F.2d at 357. Failure to timely file objections may

constitute a waiver of plaintiff's right to appeal questions of

fact. <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Griffini v. Mitchell</u>, 31 F.3d 690, 692 (8th Cir. 1994); <u>Halpin v. Shalala</u>, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); <u>Thompson</u>, 897 F.2d at 357.

IT IS SO ORDERED.

Dated this 3d day of November, 2010.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE